UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA G., | Case No.: 23-cv-1417-BEN-DEB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| MARTIN O'MALLEY, Acting Commissioner of Social Security,[1] | |
| Defendant. | |
| | **[DKT. NO. 12]** |

This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1.c.

## I. INTRODUCTION

Plaintiff Virginia G. seeks judicial review of the Commissioner of Social Security's denial of her application for disability benefits.[2] Dkt. No. 1. Plaintiff filed a Motion for

---

[1] Martin O'Malley is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

[2] In the interest of privacy, this Report and Recommendation uses only the first name and the initial of the last name of the non-governmental party in this case.

1

Summary Judgment, which Defendant opposes. Dkt. Nos. 12, 14. Plaintiff did not file a reply.

For the reasons discussed below, the Court **RECOMMENDS GRANTING** Plaintiff's Motion for Summary Judgment and **REMANDING** this action for further proceedings consistent with this Report and Recommendation.

## II. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and Supplemental Security Income alleging disability beginning September 29, 2020. AR 32.[3] The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id.* Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 26–48. The Appeals Council denied Plaintiff's request for review (AR 1–9), and this case followed.

## III. SUMMARY OF ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920(a).

At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since September 29, 2020, the alleged onset date." AR 36.

At step two, the ALJ found Plaintiff had the following severe impairments: aggravating fibromyalgia; degenerative disc disease of the cervical spine, status-post cervical spinal fusion surgery in 1987; degenerative disc disease of the lumbar spine; and obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 40.

---

[3] "AR" refers to the Administrative Record lodged on September 29, 2023. Dkt. No. 8. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

2

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [T]he claimant can no more than frequently reach in all directions, including overhead reaching, frequently handle, frequently finger, and frequently feel, bilaterally. The claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can never work in the presence of unprotected heights or hazardous machinery, and should not be required to operate a motor vehicle as part of her job duties. The claimant can never work in the presence of concentrated exposure to dust, odors, fumes, or pulmonary irritants. The claimant can never work in the presence of concentrated exposure to vibration.

AR 41.

At step four, the ALJ found Plaintiff able to perform past relevant work as an administrative clerk and phlebotomist. AR 47. The ALJ, therefore, concluded Plaintiff was not under a disability at any time since September 29, 2020. AR 48.

## IV. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The Court may not impose its own reasoning to affirm the ALJ's decision. *Id*. at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to

the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Furthermore, the Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination.'") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## V. DISCUSSION

The issue before the Court is whether the ALJ's decision properly evaluated Dr. Vakas Sial's medical opinion.

### A. <u>Dr. Sial's Opinion</u>

Dr. Sial, a consultive medical examiner, examined Plaintiff and opined, in relevant part, that Plaintiff "is able to do reaching overhead and lateral reaching, handling, fingering occasionally." AR 626, 631. The ALJ's RFC, however, states that Plaintiff can perform these functions "frequently." AR 41. Plaintiff argues the ALJ's decision erred in its analysis of Dr. Sial's medical opinion. Dkt. No. 12 at 7–9. The Court agrees.

The ALJ must evaluate the persuasiveness of a medical opinion, including both its supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."); *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings.") (internal citations omitted). Supportability is "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency "means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). The ALJ's persuasiveness explanation must be "supported by substantial evidence." *Id.* at 792.

4

The ALJ found Dr. Sial's opinions "partially persuasive" as follows:

Taken as a whole, Dr. Sial's observations provide good support for his proposed limitations on the claimant's exertional and postural abilities, and the undersigned finds these portions of Dr. Sial's opinion statement persuasive as to a limitation to light work with no more than occasional postural activities. However, Dr. Sial's opinions as to the claimant's ability to use her upper extremities for pushing, pulling, and manipulative activities appears considerably less well-supported. Notably, with the exception of diminished pinch strength, Dr. Sial observed grossly normal upper extremity function, including full 5/5 motor strength, intact sensation, and no more than minimally reduced range of motion (*Exhibit B13F/5-6*). As such, there does not appear to be an evidentiary basis for a limitation on pushing and pulling beyond the weight restrictions included in a limitation to light work, while the claimant appears capable of performing manipulative activities on a frequent, rather than occasional, basis.

AR 46.

The ALJ's decision adequately explained the supportability factor. It found Dr. Sial's opinions relating to Plaintiff's "ability to use her upper extremities for pushing, pulling, and manipulative activities" unsupported by his own examination because, "with the exception of diminished pinch strength, Dr. Sial observed grossly normal upper extremity function, including full 5/5 motor strength, intact sensation, and no more than minimally reduced range of motion." AR 46.

The ALJ's decision did not, however, address the consistency factor. The decision's only arguable engagement with consistency is limited to the following statement: "Comparing these observations to evidence elsewhere in the file, the claimant has since submitted several additional sets of medical records, but these records pre-date Dr. Sial's opinion, leaving this consultative examination report as the most recent account of the claimant's physical function." AR 46. This non-specific reference to "evidence elsewhere in the file" is inadequate because it does not identify the specific "evidence elsewhere in the file" or explain how Dr. Sial's opinion is (in)consistent with it. *Woods*, 32 F.4th at 792 ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or

inconsistent without providing an explanation supported by substantial evidence."); *Suzi Marie H. v. O'Malley*, No. 22-cv-1963-WQH-AHG, 2024 WL 965233, at *8 (S.D. Cal. Mar. 5, 2024) ("ALJs must address how they considered the consistency and supportability factors in sufficient detail to allow a reviewing court to determine whether that reasoning is supported by substantial evidence."), *report and recommendation adopted*, No. 22-cv-1963-WQH-AHG, 2024 WL 1333892 (S.D. Cal. Mar. 28, 2024); *Kimberli M.S. v. Kijakazi*, No. 21-cv-1836-AJB-MDD, 2023 WL 2346330, at *7 (S.D. Cal. Mar. 3, 2023) (rejecting Commissioner's argument that an ALJ's decision to discredit a medical opinion "must simply be supported by substantial evidence," and finding ALJ insufficiently articulated evaluation of the supportability factor where ALJ "made no explicit determination of supportability"), *report and recommendation adopted*, No. 21-cv-1836-AJB-MDD, 2023 WL 8696370 (S.D. Cal. Apr. 11, 2023).[4]

---

[4] The Commissioner appears to argue the ALJ addressed the consistency factor: "Ultimately, as the ALJ explained, the record lacked an 'evidentiary basis' for the reaching and manipulative limitations. Indeed, the ALJ's decision highlights other records showing, for example, that Plaintiff moved all her extremities without limitation, even with reduced neck range of motion." Dkt. No. 14 at 4. This argument fails for two reasons. First, "[s]upportability and consistency are terms of art and are not interchangeable." *Ann M. v. Kijakazi*, No. 2:23-cv-1081-MAA, 2024 WL 39193, at *3 (C.D. Cal. Jan. 3, 2024) (quoting *Ronald S.A. v. Kijakazi*, No. 2:22-cv-5152-JDE, 2023 U.S. Dist. LEXIS 143848, at *11 (C.D. Cal. Aug. 16, 2023)). The ALJ's decision found Dr. Sial's opinions on Plaintiff's ability to use her upper extremities for pushing and pulling lacked an "evidentiary basis" based on Dr. Sial's own observations—not other evidence in the record. AR 46 ("Notably with the exception of diminished strength, Dr. Sial observed grossly normal upper extremity function, including full 5/5 motor strength, intact sensation, and no more than minimally reduced range of motion (*Exhibit B13F/5-6*). As such, there does not appear to be an evidentiary basis for a limitation on pushing and pulling beyond the weight restrictions included in a limitation to light work, while the claimant appears capable of performing manipulative activities on a frequent, rather than occasional, basis."). The ALJ's decision, therefore, addressed the lack of an evidentiary basis in discussing the supportability (not consistency) of Dr. Sial's opinion. Second, the ALJ's decision does not discuss these "other records" when evaluating the persuasiveness of Dr. Sial's opinion. *See id*. The Court is constrained to "review the ALJ's decision based on the reasoning and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B. Harmful Error**

Having found error, the Court next considers whether it is harmless. "[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination" and if the Court "can confidently conclude that no reasonable ALJ, when [not making the same error], could have reached a different disability determination." *Stout*, 454 F.3d at 1055–56.

The error here is not harmless. Whether Plaintiff is limited to "frequent" (as the ALJ found) or "occasional" manipulative limitations (as Dr. Sial found) is material to the disability determination. At the hearing, the vocational expert ("VE") testified that an individual with greater manipulative limitations, such as occasionally reaching bilaterally, cannot perform Plaintiff's past relevant work ("PRW"), but an individual with less restrictive manipulative limitations can. AR 99–101. Based on the less restrictive "frequent" manipulative limitations, the ALJ found Plaintiff could perform PRW. Because acceptance of the more restrictive "occasional" manipulative limitations recommended by Dr. Sial may have resulted in a different PRW finding, the ALJ's error in evaluating Dr. Sial's opinion is not harmless. *See Molina*, 674 F.3d at 1115 ("[A]n ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'") (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

**C. Remanding for Further Proceedings**

Plaintiff seeks a remand for further proceedings. Dkt. No. 12 at 10. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within

---

factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (citation omitted); *see also Joyce M. D. v. Kijakazi*, No. 22-cv-0318-BEN-DEB, 2023 WL 6319883, at *5 (S.D. Cal. Sept. 28, 2023) (explaining the Court is "constrained to the reasons set forth by the ALJ" in "determining whether the ALJ's decision is supported by substantial evidence").

23-cv-1417-BEN-DEB

the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). Because a properly formulated RFC might support finding Plaintiff was not disabled, a remand for further proceedings is appropriate. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir. 2003) (remanding for further administrative proceedings where several "outstanding issues" remained to be resolved, so it was "not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits").

## VI. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the District Court **GRANT** Plaintiff's Motion for Summary Judgment (Dkt. No. 12), **REMAND** for further proceedings, and enter **JUDGMENT** in Plaintiff's favor.

**IT IS HEREBY ORDERED** that any written objection to this Report and Recommendation must be filed with the Court and served on all parties no later than **July 26, 2024**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 2, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: July 12, 2024

Honorable Daniel E. Butcher
United States Magistrate Judge

23-cv-1417-BEN-DEB